UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL E. MEDLIN,<br><br>     Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | CASE NO. C14-5055 BHS<br><br>ORDER GRANTING GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant United States of America's ("Government") motion for summary judgment (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 21, 2014, Plaintiff Daniel Medlin ("Medlin") filed a complaint against Defendant Dr. Paul Axford asserting claims for medical malpractice. Dkt. 1. On April 4, 2014, the Government appeared on behalf of Dr. Axford. Dkt. 5. On December 5, 2014, the Government was substituted as Defendant for Dr. Axford because Dr. Axford was acting within the scope of his employment at all times material to the facts alleged in the complaint. Dkt. 16.

On December 30, 2014, the Government filed a motion for summary judgment arguing that Medlin's claims are barred for failure to timely exhaust his administrative remedies. Dkt. 22. On January 13, 2015, Medlin filed a motion for an extension of time to respond. Dkt. 23. On January 26, 2015, the Court granted the motion. Dkt. 25. Medlin failed to timely respond. On January 29, 2015, the Government filed a reply. Dkt. 27. On February 2, 2015, Medlin filed a response. Dkt. 28. On February 3, 2015, the Government filed a supplemental response.

## II. DISCUSSION

The Government argues that the Court should not consider Medlin's untimely response. Dkt. 29 at 2–3. Medlin, however, is proceeding pro se, and the Government is not prejudiced by the Court considering Medlin's arguments. Thus, the Court will accept and consider the late response.

Medlin's claims against the Government are brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401(b), and 2671, *et seq*. ("FTCA"). The Government argues that Medlin's claim is time barred and that Medlin fails to submit evidence on all elements of his claim. With regard to the statute of limitations, Medlin submitted evidence that he discovered his injury in November of 2012. Construing all evidence in the light most favorable to Medlin, his claim is not time barred if his assertion is true. Therefore, the Court denies the Government's motion on this issue.

With regard to the merits, Medlin fails to submit evidence on every element of his claim. Expert medical testimony is generally required to establish the standard of care and to prove causation in a medical negligence action. *Guile v. Ballard Cmty. Hosp.*, 70

1  Wn. App. 18, 25 (1993) (*citing Harris v. Groth*, 99 Wn.2d 438, 449 (1983)). Therefore,
2  to defeat summary judgment in most medical negligence cases, the plaintiff must produce
3  competent medical expert testimony establishing that the injury complained of was
4  proximately caused by a failure to comply with the applicable standard of care. *Seybold v.*
5  *Neu*, 105 Wn. App. 666, 675 (2001). "If the plaintiff in a medical negligence suit lacks
6  competent expert testimony, the defendant is entitled to summary judgment." *Colwell v.*
7  *Holy Family Hosp.*, 104 Wn. App. 606, 611 (2001).
8      In this case, Medlin lacks competent expert testimony to overcome the
9  Government's motion for summary judgment. Medlin's assertions alone are insufficient
10 to establish either the appropriate standard of care or whether his injury was caused by a
11 failure to comply with that standard. Therefore, the Court grants the Government's
12 motion.

### III. ORDER

14     Therefore, it is hereby **ORDERED** that the Government's motion for summary
15 judgment (Dkt. 22) is **GRANTED**. The Clerk shall enter judgment for the Government
16 and close this case.
17     Dated this 5th day of February, 2015.

BENJAMIN H. SETTLE
United States District Judge